IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                     CRIMINAL NO. 1:05cr1WJG-RHW-1

ANTHONY JAMES McLEOD,
 a/k/a Ant,
 a/k/a Big Ant

O R D E R

THIS CAUSE comes before the Court on the motion [20] of Defendant, Anthony James McLeod, for clarification of this Court's sentencing order. McLeod asserts that he is presently incarcerated in the Mississippi Department of Corrections, and has been incarcerated since April 16, 2004. (Ct. R., Doc. 20, p. 1.) He states that he was convicted in this Court of the charge of felon in possession of a firearm on February 15, 2006. (*Id*.) He contends that he was sentenced to a period of incarceration of 98 months, which was set to run concurrently to his state sentence. (*Id*., p. 2.) He claims that he has an early release date of February or March 2013, which has been delayed because of a detainer from the federal court. (*Id*.)

The judgment in this matter provides that McLeod was sentenced on February 15, 2006. (Ct. R., Doc. 18, p. 2.) McLeod was sentenced to a period of incarceration of 98 months, to run concurrently to any state sentence imposed in Jackson County, Mississippi cause numbered 2004-10,742, but consecutively to any sentence imposed in Jackson County, Mississippi cause numbered 2003-10,387, and consecutively to any sentence imposed in connection with the

pending revocation proceedings in causes numbered 98-10,114(2), 2000-10,254(2), 2001-10,116(2), 2002-10,137. (*Id.*)

The Attorney General, through the Bureau of Prisons, determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their sentences. *See United States v. Wilson,* 503 U.S. 329, 335-6 (1992). "[T]he United States Supreme Court [has] held that § 3585(b) does not authorize a . . . court to compute credit for time spent in official detention at sentencing, but [rather,] credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing." *United States v. Dowling,* 962 F.2d 390, 393 (5th Cir. 1992) (citing *Wilson,* 503 U.S. at 335). In the event a prisoner feels he has been improperly refused credit for time he has served in state custody, the prisoner must first "seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only *then* pursue judicial review of these computations." *Wilson,* 503 U.S. at 335; 28 C.F.R. §§ 542.10-542.16 (1990)) (internal citations omitted); *see also United States v. Setser*, 607 F.3d 128, 132-3 (5th Cir. 2010). McLeod offers no evidence that he has exhausted his administrative remedies in this case. The Court, therefore, finds that it does not have jurisdiction to afford McLeod the relief he seeks. It is therefore,

ORDERED that Defendant's motion [20] for clarification of sentence be, and is hereby, denied.

SO ORDERED, this the 22nd day of February, 2013.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE